**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Angela Robin Lipps,<br><br>Plaintiff,<br><br>-vs-<br><br>The City of Fargo and Lucas Heck, acting in his individual capacity,<br><br>Defendants. | Civil No. 3:26-cv-00294<br><br>**ANSWER**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

[¶1] For their Answer to Plaintiff's Complaint, Defendants City of Fargo (the "City") and Lucas Heck ("Detective Heck"), in his individual capacity, (collectively "City Defendants"), by and through their duly authorized and undersigned attorneys of record, state as follows:

[¶2] Except that which is specifically admitted, qualified or explained herein, the City Defendants deny each and every allegation, matter, and thing contained in Plaintiff's Complaint and put Plaintiff to the strictest of proof thereof.

[¶3] The City Defendants specifically aver that Plaintiff was not deprived of any alleged constitutional rights and/or state law rights.

[¶4] The City Defendants specifically aver that Plaintiff's alleged constitutional rights and/or state law rights were not violated and no unconstitutional policy, custom, pattern, practice and/or procedure exists.

[¶5] The City Defendants specifically aver that there has been no action or conduct on the part of the City Defendants that constitutes a Fourth Amendment unlawful seizure and arrest violation against Plaintiff.

[¶6] The City Defendants specifically aver that there has been no action or conduct on the part of the City Defendants that constitutes a Fourteenth Amendment due process violation against Plaintiff.

[¶7] The City Defendants specifically aver that there has been no action or conduct on the part of the City Defendants that constitutes a false arrest and imprisonment or malicious prosecution against Plaintiff.

[¶8] The City Defendants specifically aver the allegations contained in Plaintiff's Complaint do not support any claim or liability against any of the City Defendants.

[¶9] With respect to Paragraphs 1 and 2 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 1 and 2 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶10] With respect to Paragraph 3 of Plaintiff's Complaint, the City Defendants only admit that facial recognition technology was utilized by another law enforcement agency to generate suspects for reported thefts in its jurisdiction and potentially related thefts in the City of Fargo. As to the balance of the allegations in Paragraph 3 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 3 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and

specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶11] With respect to Paragraph 4 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 4 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶12] With respect to Paragraph 5 of Plaintiff's Complaint, the City Defendants only admit that Detective Heck received information from West Fargo and North Dakota that Plaintiff was identified by facial recognition technology. With respect to the balance of the allegations in Paragraph 5 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly does not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 5 of Plaintiff's Complaint do not support any claim or liability against any of the City

Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶13] With respect to Paragraph 6 of Plaintiff's Complaint, the City Defendants only admit that Detective Heck submitted a report to the prosecuting office noting recommended charges. With respect to the balance of the allegations in Paragraph 6 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly does not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 6 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶14] With respect to Paragraph 7 of Plaintiff's Complaint, the City Defendants only admit that Plaintiff appeared in North Dakota on charges which were later dismissed. With respect to the balance of the allegations in Paragraph 7 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly does not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding

the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 7 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶15] With respect to Paragraph 8 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 8 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶16] With respect to Paragraph 9 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly does not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 9 of Plaintiff's Complaint do not support any claim or liability against any

of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶17] With respect to Paragraph 10 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.

[¶18] With respect to Paragraphs 11 and 12 of Plaintiff's Complaint, the City Defendants only admit that the City is a municipality incorporated in the State of North Dakota, that the Fargo Police Department is part of the operations of the City, and at all relevant times Detective Heck was an employee of the Fargo Police Department. The City Defendants specifically aver the allegations contained in Paragraphs 11 and 12 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶19] With respect to Paragraphs 13, 14, and 15 of Plaintiff's Complaint, the allegations contained therein set forth Plaintiff's assertion of the legal basis for jurisdiction and venue, therefore, no affirmative answer is required, provided, however, the City Defendants preserve any and all defenses regarding jurisdiction and venue in this action. To the extent the allegations contained in Paragraphs 13, 14, and 15 are made to impose liability upon the City Defendants or to otherwise support Plaintiff's claims, the same are denied by the City Defendants, Plaintiff is put to the strictest of proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.

[¶20] With respect to Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, and 24 of Plaintiff's Complaint, the City Defendants admit the allegations contained therein. The City Defendants specifically aver the allegations contained in Paragraphs 16, 17, 18, 19, 20, 21, 22, 23, and 24 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶21] With respect to Paragraphs 25 and 26 of Plaintiff's Complaint, the City Defendants only admit Detective Heck received information that Plaintiff was identified by facial recognition technology. With respect to the balance of the allegations in Paragraphs 25 and 26 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 25 and 26 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶22] With respect to Paragraph 27 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice.

[¶23] With respect to Paragraphs 28 and 29 of Plaintiff's Complaint, the allegations contained therein purport to be recitations from the website of Clearview AI and to the extent such allegations are in fact recitations from the website of Clearview AI, then the website speaks for itself, and said

Paragraphs 28 and 29 do not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 28 and 29 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶24] With respect to Paragraphs 30 and 31 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver allegations contained in Paragraphs 30 and 31 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶25] With respect to Paragraph 32 of Plaintiff's Complaint, the allegations contained therein purport to be recitations from the website of Clearview AI and to the extent such allegations are in fact recitations from the website of Clearview AI, then the website speaks for itself, and said Paragraph 32 does not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City

Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 32 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶26] With respect to Paragraphs 33, 34, and 35 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver allegations contained in Paragraphs 33, 34, and 35 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶27] With respect to Paragraph 36 of Plaintiff's Complaint, the allegations contained therein purport to be recitations from an article on the website of The New Yorker and to the extent such allegations are in fact recitations from such online article of The New Yorker, then the article speaks for itself, and said Paragraph 36 does not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City

Defendants specifically aver the allegations contained in Paragraph 36 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶28] With respect to Paragraph 37 of Plaintiff's Complaint, the allegations contained therein purport to be recitations from an article on the website of The Washington Post and to the extent such allegations are in fact recitations from such online article of The Washington Post, then the article speaks for itself, and said Paragraph 37 does not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 37 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶29] With respect to Paragraph 38 of Plaintiff's Complaint, the allegations contained therein purport to be recitations from an article from the website of the North Dakota Monitor and to the extent such allegations are in fact recitations from such online article of the North Dakota Monitor, then the article speaks for itself, and said Paragraph 38 does not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer

to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver allegations contained in Paragraph 38 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶30] With respect to Paragraph 39 of Plaintiff's Complaint, the allegations contained therein purport to be recitations from an article from the website of the InForum and to the extent such allegations are in fact recitations from such online article of the InForum, then the article speaks for itself, and such allegations contained in Paragraph 39 do not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, and the City Defendants reserve all defenses and claims regarding the allegations. With respect to the balance of the allegations contained in Paragraph 39 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 39 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶31] With respect to Paragraph 40 of Plaintiff's Complaint, the allegations contained therein purport to be recitations from West Fargo Police Department Policy 610.7.1 and to the extent such allegations are in fact recitations from West Fargo Police Department Policy 610.7.1, then the

document speaks for itself, and said Paragraph 40 does not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 40 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶32] With respect to Paragraph 41 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations of a policy from another city, and accordingly does not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 41 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶33] With respect to Paragraph 42 of Plaintiff's Complaint, the City Defendants only admit facial recognition technology is one of many investigative tools utilized by the Fargo Police Department in the investigation of crimes but deny the balance of the allegations contained in

Paragraph 42 and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 42 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶34] With respect to Paragraph 43 of Plaintiff's Complaint, the City Defendants only admit that the Fargo Police Department does not have facial recognition software. As to the balance of Paragraph 43 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 43 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶35] With respect to Paragraphs 44 and 45 of Plaintiff's Complaint, the allegations consist of Plaintiff's own conclusions, edifications, or interpretations of what Plaintiff claims is "well known" knowledge or purported "obvious" information, and accordingly does not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be

dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 44 and 45 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶36] With respect to Paragraph 46 of Plaintiff's Complaint, the allegations contained therein purport to be recitations from a disclaimer on facial recognition results included by the North Dakota Bureau of Criminal Investigations and to the extent such allegations are in fact recitations of such disclaimer from the North Dakota Bureau of Criminal Investigations, then the disclaimer speaks for itself, and said Paragraph 46 does not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. With respect to the balance of the allegations contained in Paragraph 46 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 46 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶37] With respect to Paragraphs 47 and 48 of Plaintiff's Complaint, the City Defendants only admit that the Fargo Police Department did not have a formal written policy specifically governing the use of facial recognition technology or software, or itself provide training on Fargo Police Department owned facial recognition technology because it did not possess or operate its own facial recognition software or technology but rather any facial recognition technology searches conducted in connection with investigations were performed by other law enforcement agencies. The City Defendants specifically aver investigators received training and engaged in consultations regarding investigative resources available through and with other agencies and entities having such software or technology. The City Defendants also specifically aver that facial recognition technology was one of many investigative tools available to law enforcement and that the Fargo Police Department's practice was to utilize information obtained through facial recognition technology in conjunction with other investigative techniques and information, and not rely exclusively upon facial recognition results when facial recognition technology results were obtained. As to the balance of the allegations contained in Paragraphs 47 and 48 of Plaintiff's Complaint, the City Defendants deny the same and put Plaintiff to the strictest proof thereof. The City Defendants specifically aver that the allegations contained in Paragraphs 47 and 48 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶38] With respect to Paragraph 49 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 49 do not support any claim

or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶39] With respect to Paragraphs 50 and 51 of Plaintiff's Complaint, the City Defendants only admit that Plaintiff was identified by facial recognition technology. As to the balance of Paragraphs 50 and 51 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 50 and 51 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶40] With respect to Paragraph 52 of Plaintiff's Complaint, the City Defendants only admit Detective Heck conducted an investigation of the subject criminal activity. As to the balance of Paragraph 52 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 52 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶41] With respect to Paragraph 53 of Plaintiff's Complaint, the City Defendants only admit that Detective Heck became aware Plaintiff was a resident of Tennessee. As to the balance of the allegations in Paragraph 53 of Plaintiff's Complaint, the City Defendants deny the allegations

contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 53 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶42] With respect to Paragraphs 54, 55, 56 and 57 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 54, 55, 56 and 57 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶43] With respect to Paragraph 58 of Plaintiff's Complaint, the City Defendants only admit that identification used to accomplish the theft was a false document. As to the balance of Paragraph 58 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 58 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶44] With respect to Paragraph 59 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 59 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any act committed by the City Defendants.

[¶45] With respect to Paragraphs 60 and 61 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 60 and 61 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any act committed by the City Defendants.

[¶46] With respect to Paragraph 62 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 62 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶47] With respect to Paragraph 63 of Plaintiff's Complaint, the City Defendants only admit Detective Heck submitted an affidavit of probable cause for the commission of criminal offenses by Plaintiff but deny the balance of the allegations contained in Paragraph 63 and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 63 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any act committed by the City Defendants.

[¶48] With respect to Paragraph 64 of Plaintiff's Complaint, the City Defendants only admit Plaintiff was charged with criminal offenses but deny the balance of the allegations contained in Paragraph 64 and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 64 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶49] With respect to Paragraph 65 of Plaintiff's Complaint, the City Defendants admit the allegations contained therein. The City Defendants specifically aver the allegations contained in Paragraph 65 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶50] With respect to Paragraphs 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, and 118 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. Based on information and belief, the City Defendants understand Lipps was on probation due to prior criminal judgments for criminal acts she had engaged in as alleged in Paragraph 98 of Plaintiff's Complaint. The City Defendants specifically aver the allegations contained in Paragraphs 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, and 118 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶51] With respect to Paragraphs 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, and 130 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, and 130 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶52] With respect to Paragraph 131 of Plaintiff's Complaint, the allegations contained therein purport to reference documents which are not attached to the Complaint and to the extent such documents exist, then the documents would speak for themselves, and said Paragraph 131 does not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 131 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶53] With respect to Paragraph 132 of Plaintiff's Complaint, the City Defendants admit the allegations contained therein. The City Defendants specifically aver the allegations contained in Paragraph 132 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶54] With respect to Paragraph 133 of Plaintiff's Complaint, the City Defendants only admit that Detective Heck asked Plaintiff about the thefts and the use of cryptocurrency. As to the balance of the allegations in Paragraph 133 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City

Defendants specifically aver the allegations contained in Paragraph 133 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶55] With respect to Paragraph 134 of Plaintiff's Complaint, the City Defendants only admit that Plaintiff denied involvement in the theft. As to the balance of Paragraph 134 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 134 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶56] With respect to Paragraph 135 of Plaintiff's Complaint, the City Defendants only admit that Detective Heck did not show Plaintiff the video or images after a request. As to the balance of Paragraph 135 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 135 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶57] With respect to Paragraphs 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, and 147 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to

form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 136, 137, 138 139, 140, 141, 142, 143, 144, 145, 146, and 147 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶58] With respect to Paragraph 148 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly does not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 148 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶59] With respect to Paragraph 149 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 149

of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶60] With respect to Paragraph 150 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 150 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶61] With respect to Paragraph 151 of Plaintiff's Complaint, the City Defendants only admit that Plaintiff was transported to North Dakota, held in-custody and eventually released. With respect to the balance of the allegations in Paragraph 151 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations, and accordingly does not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 151 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶62] With respect to Paragraphs 152, 153, 154, 155, 156 and 157 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 152, 153, 154, 155, 156 and 157 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶63] With respect to Paragraphs 158, 159, 160, 161, 162, 163, 164 and 165 of Plaintiff's Complaint, the allegations contained therein contain Plaintiff's own conclusions, edifications, or interpretations of purported events, and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 158, 159, 160, 161, 162, 163, 164 and 165 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶64] With respect to Paragraph 166 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their

requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 166 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶65] With respect to Paragraph 167 of Plaintiff's Complaint, the allegations contained therein are Plaintiff's own conclusions, edifications, or interpretations of actions to be taken, and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants only admit no discipline has been imposed. The City Defendants specifically aver the allegations contained in Paragraph 167 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶66] With respect to Paragraph 168 of Plaintiff's Complaint, the allegations contained therein purport to reference a local news story which is not attached to the Complaint and to the extent such news story exist, then such news story would speak for itself, and said Paragraph 168 does not contain factual allegations for which an affirmative answer is required, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the

allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 168 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶67] With respect to Paragraph 169 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 169 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶68] With respect to Paragraphs 170 and 171 of Plaintiff's Complaint, the City Defendants admit the allegations contained therein. The City Defendants specifically aver the allegations contained in these paragraphs of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶69] With respect to Paragraph 172 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 172 do not support any claim

or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶70] With respect to Paragraphs 173, 174, 175, 176, 177, 178, 179, and 180 of Plaintiff's Complaint, the allegations contained therein purport to be statements by former Fargo Police Chief David Zibolski from a press conference and to the extent such allegations are in fact recitations of such statements, then the statements speak for themselves and said Paragraphs 173, 174, 175, 176, 177, 178, 179, and 180 do not contain factual allegations for which an affirmative answer is required. The City Defendants specifically aver the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations in an attempt to distort and misrepresent the events, circumstances of the subject incident, and actions of Plaintiff and the City Defendants. To the extent such allegations contained in Paragraphs 173, 174, 175, 176, 177, 178, 179, and 180 of Plaintiff's Complaint are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 173, 174, 175, 176, 177, 178, 179, and 180 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶71] With respect to Paragraph 181 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the City Defendants

reassert their answer and defenses to all paragraphs of Plaintiff's Complaint as if fully stated herein and puts Plaintiff to the strictest proof thereof.

[¶72] With respect to Paragraphs 182 and 183 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 182 and 183 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶73] With respect to Paragraphs 184, 185, 186, 187, 188, 189, 190, 191, and 192 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 184, 185, 186, 187, 188, 189, 190, 191, and 192 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶74] With respect to Paragraphs 193, 194, 195, 196, 197, 198, 199, 200, and 201 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or

interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 193, 194, 195, 196, 197, 198, 199, 200, and 201 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶75] With respect to Paragraph 202 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the City Defendants reassert their answer and defenses to all paragraphs of Plaintiff's Complaint as if fully stated herein and puts Plaintiff to the strictest proof thereof.

[¶76] With respect to Paragraphs 203, 204, and 205 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically

aver the allegations contained in Paragraphs 203, 204, and 205 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any act committed by the City Defendants.

[¶77] With respect to Paragraphs 206, 207, 208, 209, 210, 211, 212, and 213 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 206, 207, 208, 209, 210, 211, 212, and 213 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶78] With respect to Paragraphs 214, 215, 216, 217, 218, 219, and 220 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 214, 215, 216, 217, 218, 219, and 220 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶79] With respect to Paragraph 221 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and, therefore, does not require any affirmative answer, provided, however, the City Defendants reassert their answer and defenses to all paragraphs of Plaintiff's Complaint as if fully stated herein and puts Plaintiff to the strictest proof thereof.

[¶80] With respect to Paragraph 222 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 222 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶81] With respect to Paragraphs 223, 224, and 225 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 223, 224, and 225 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶82] With respect to Paragraph 226 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 226 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶83] With respect to Paragraphs 227 and 228 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 227 and 228 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶84] With respect to Paragraphs 229 and 230 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations

contained in Paragraphs 229 and 230 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶85] With respect to Paragraphs 231 and 232 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 231 and 232 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶86] With respect to Paragraphs 233, 234, and 235 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 233, 234, and 235 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶87] With respect to Paragraph 236 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and,

therefore, does not require any affirmative answer, provided, however, the City Defendants reassert their answer and defenses to all paragraphs of Plaintiff's Complaint as if fully stated herein and puts Plaintiff to the strictest proof thereof.

[¶88] With respect to Paragraphs 237, 238, 239, 240, and 241 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 237, 238, 239, 240, and 241 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶89] With respect to Paragraphs 242, 243, and 244 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 242, 243, and 244 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any act committed by the City Defendants.

[¶90] With respect to Paragraph 245 of Plaintiff's Complaint, the City Defendants only admit that the Fargo Police Department is part of the operations of the City, and at all relevant times Detective Heck was an employee of the Fargo Police Department. As to the balance of Paragraph 245 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 245 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any act committed by the City Defendants.

[¶91] With respect to Paragraph 246 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 246 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶92] With respect to Paragraph 247 of Plaintiff's Complaint, this paragraph realleges and incorporates by reference the allegations set forth in prior Paragraphs of Plaintiff's Complaint and,

therefore, does not require any affirmative answer, provided, however, the City Defendants reassert their answer and defenses to all paragraphs of Plaintiff's Complaint as if fully stated herein and puts Plaintiff to the strictest proof thereof.

[¶93] With respect to Paragraph 248 of Plaintiff's Complaint, the City Defendants only admit that Detective Heck submitted an affidavit of probable cause for the commission of criminal offenses by Plaintiff. As to the balance of Paragraph 248 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 248 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶94] With respect to Paragraph 249 of Plaintiff's Complaint, the City Defendants only admit that a prosecution was initiated against Plaintiff. As to the balance of Paragraph 249 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 249 of Plaintiff's Complaint do not support any claim or

liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶95] With respect to Paragraph 250 of Plaintiff's Complaint, the City Defendants admit the allegations contained therein. The City Defendants specifically aver the allegations contained in Paragraph 250 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶96] With respect to Paragraph 251 of Plaintiff's Complaint, the City Defendants deny the allegations contained therein and put Plaintiff to the strictest proof thereof. The City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 251 do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶97] With respect to Paragraphs 252 and 253 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraphs 252 and 253 of Plaintiff's Complaint do not support any claim or liability

against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶98] With respect to Paragraph 254 of Plaintiff's Complaint, the City Defendants only admit that the Fargo Police Department is part of the operations of the City, and at all relevant times Detective Heck was an employee of the Fargo Police Department. As to the balance of Paragraph 254 of Plaintiff's Complaint, the City Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and therefore deny the same and put Plaintiff to the strictest proof thereof, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 254 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶99] With respect to Paragraph 255 of Plaintiff's Complaint, the allegations consist of Plaintiff's own legal conclusions, edifications, or interpretations and accordingly do not contain factual allegations for which an affirmative answer is required by the City Defendants, provided however, to the extent such allegations are made to impose liability upon the City Defendants, or to otherwise support Plaintiff's claims, then the same are denied and the City Defendants put Plaintiff to the strictest proof thereof, the City Defendants reserve all defenses and claims regarding the allegations, and the City Defendants refer to their requested relief that Plaintiff's Complaint be dismissed as to all things with prejudice. The City Defendants specifically aver the allegations contained in Paragraph 255 of Plaintiff's Complaint do not support any claim or liability against any of the City Defendants and specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

[¶100] With respect to the section entitled "**PRAYER FOR RELIEF**" of Plaintiff's Complaint, these paragraphs contain the relief sought by Plaintiff, and the City Defendants deny Plaintiff is entitled to any relief and deny that Plaintiff has set out any claim for which relief can be granted. The City Defendants further deny any liability for such requested relief. The City Defendants further assert and preserve all defenses raised herein.

## ADDITIONAL DEFENSES

[¶101] The City Defendants hereby assert the following additional defenses, reserving the right to amend this Answer to assert any and all other defenses that may become apparent or available during the course of these proceedings. The City Defendants do not waive, merely by assertion of any of the following defenses, arguments or claims, that it is Plaintiff who bears the burden of proof on the applicability, existence, or proof of any of the enumerated defenses. Accordingly, by asserting such defenses, the City Defendants do not assume a burden of proof they would not otherwise bear.

### 1ST DEFENSE

[¶102] Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

### 2ND DEFENSE

[¶103] The City Defendants are immune to the claims brought by Plaintiff pursuant to federal law and/or state law, including, but not by way of limitation, absolute immunity, qualified immunity, discretionary immunity, and under the provisions of North Dakota Century Code ch. 32-12.1.

### 3RD DEFENSE

[¶104] Plaintiff's entitlement to damages, if any, is barred and/or limited in amount, including by reason of the provisions of North Dakota Century Code ch. 32-12.1.

### 4TH DEFENSE

[¶105] The City Defendants are immune from suit for matters alleged in Plaintiff's Complaint because the City Defendants acted without intent to cause any deprivation of Plaintiff's rights or other injury to Plaintiff, and did not act with willful or deliberate indifference to Plaintiff's rights or in a manner that was objectively unreasonable.

**5TH DEFENSE**

[¶106] Pending completion of discovery, the City Defendants specifically preserve and allege all applicable defenses or any other matters constituting an avoidance or affirmative defense available under any state or federal laws and procedures including Rules 8, 9, 12, and 19 of the Federal Rules of Civil Procedure.

**6TH DEFENSE**

[¶107] At all pertinent times, the City Defendants acted in good faith in reliance upon local, state, and federal laws with respect to the dealings and actions regarding Plaintiff. For this reason, there can be no liability on the part of, or judgment rendered against, the City Defendants.

**7TH DEFENSE**

[¶108] The City Defendants specifically deny that Plaintiff suffered any damages as a result of any acts committed by the City Defendants.

**8TH DEFENSE**

[¶109] Plaintiff's claims are barred in whole or in part because some or all of the City Defendants had no personal involvement with the alleged incident(s) that form the basis of Plaintiff's Complaint.

**9TH DEFENSE**

[¶110] The City Defendants specifically deny all fault, as "fault" is defined under North Dakota Century Code ch. 32-03.2. If anyone was at fault, the damages suffered by Plaintiff is the result

of the fault of Plaintiff, and/or other parties over whom the City Defendants had no control or for whom the City Defendants had no responsibility. As defined by North Dakota Century Code § 32-03.2-01, "fault" includes negligence, reckless conduct, intentional conduct, absolute liability, assumption of risk, and failure to avoid injury. In the alternative, any fault assessed against the City Defendants must be compared with the fault of anyone else whose fault contributed to the alleged damages. Any recovery against the City Defendants must be limited to its pro rata share of fault as may be determined and adjudged, and as further limited or barred by North Dakota Century Code ch. 32-03.2.

**10TH DEFENSE**

[¶111] Plaintiff failed to mitigate any of her alleged injuries or damages.

**11TH DEFENSE**

[¶112] Some or all of Plaintiff's claims are barred by the applicable statutes of limitations, statutes of repose, principles of laches, assumption of risk, failure to follow administrative procedures that may be applicable, estoppel, and/or waiver.

**12TH DEFENSE**

[¶113] To the extent Plaintiff seeks to assert individual claims against Detective Heck, those claims are barred. See North Dakota Century Code ch. 32-12.1.

**13TH DEFENSE**

[¶114] To the extent Plaintiff seeks punitive damages against the City Defendants such damages are barred. See North Dakota Century Code ch. 32-12.1; City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

[¶115] **WHEREFORE**, the City Defendants demand judgment dismissing Plaintiff's Complaint, in total and with prejudice, and awarding the City Defendants costs, disbursements, attorneys' fees, and such other and further relief as may be deemed just and equitable under the circumstances.

[¶116] **DATED** this 16th day of November, 2026.

**PEARSON CHRISTENSEN, PLLP**

/s/ Joseph E. Quinn
**DANIEL L. GAUSTAD,** ND #05282
**JOSEPH E. QUINN**, ND #06538
**MARIANNE O. KNUDSON,** ND #06308
**MARCUS C. SKONIECZNY,** ND #09062
**JAXEN J. BRATCHER**, ND #09796
24 North 4th Street
Grand Forks, ND 58203
Phone: 701-775-0521
jquinn@grandforkslaw.com
Attorneys for the City Defendants

[*Balance of page intentionally left blank*]

**DEMAND FOR JURY TRIAL**

[¶117] The City Defendants request a jury of the maximum number of persons allowed to try all issues.

[¶118] **DATED** this 16th day of November, 2026.

**PEARSON CHRISTENSEN, PLLP**

/s/ Joseph E. Quinn
**DANIEL L. GAUSTAD,** ND #05282
**JOSEPH E. QUINN**, ND #06538
**MARIANNE O. KNUDSON,** ND #06308
**MARCUS C. SKONIECZNY,** ND #09062
**JAXEN J. BRATCHER**, ND #09796
24 North 4th Street
Grand Forks, ND 58203
Phone: 701-775-0521
jquinn@grandforkslaw.com
Attorneys for the City Defendants